IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


**DONALD H. AULISIO,**

    Plaintiff,

vs.                                  CASE NO. 1:04CV101-MMP/AK

**JO ANNE B. BARNHART,**
**Commissioner of Social Security**

    Defendant.

_____/


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

A.   **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on January 4, 2002, alleging a disability onset date of September 20, 2001, because of diabetes, hearing loss, poor eyesight, arthritis, low back pain and high blood pressure.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on March 12, 2004, and entered an unfavorable decision on April 2, 2004.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.   **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had right ankle swelling and pain, status post fracture, slight hearing loss, back pain, non-insulin dependent diabetes mellitus, arthritis in the right ankle, and hypertension and these impairments are severe.  (R. 14).  However, none of the impairments, either singly or in combination meet any of the listings of impairments.  The ALJ considered Plaintiff's mental impairment and assessed it in conjunction with the "B" criteria finding that Plaintiff had only mild restrictions.  (R. 14).  Thus, the ALJ concluded that the mental impairment was not severe in light of the fact that Plaintiff sought no ongoing treatment and the condition appeared to be well controlled with medication.  (R. 15).  The ALJ further found that Plaintiff was capable of performing a combination of light and sedentary work, that his past relevant work as an aircraft inspector was a light, skilled job, and that he would not be precluded from

**No. 1:02CV125-SPM/AK**

performing this work. Thus, the ALJ found that Plaintiff could perform his past relevant work, and he is, therefore, not disabled.

## C.   ISSUES PRESENTED

Plaintiff argues that the ALJ should have found his anxiety to be a severe impairment within the meaning of the Act and a finding of severity is supported by the record. Plaintiff also argues that a mental RFC should have been obtained, as well as vocational expert testimony to consider his nonexertional limitations.

The government responds that the ALJ properly assessed his anxiety disorder as not severe because he was not seeking ongoing treatment for it and it appeared to be well controlled with medication. It was unnecessary for the ALJ to obtain a consultative examination or a mental RFC because there was ample evidence in the record of Plaintiff's anxiety disorder and its affect upon his ability to work.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D.   STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397,

**No. 1:02CV125-SPM/AK**

1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid.  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

     A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To

**No. 1:02CV125-SPM/AK**

qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within

**No. 1:02CV125-SPM/AK**

the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); <u>Myers v. Sullivan</u>, 916 F.2d 659, 676 (11th Cir. 1990).

### E.  **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff has been treated primarily by the Veteran's Administration, which has addressed many of his alleged physical and mental conditions. These records show treatment for his diabetes, which appears to be well controlled, and follow up treatment for his broken ankle. (R. 366-418). He was initially treated for his broken ankle by Dr. Volk, and his records, as well as the hospital records following the accident show treatment for Plaintiff's broken ankle with no permanent injury noted. (R. 204-220). X-rays taken by the VA of his ankle shows a completely healed fracture with fixating devices in place. (R. 378).

The VA also addressed Plaintiff's hearing problems and conducted tests which show moderate to slight conductive hearing loss with some ear canal pressure abnormalities. (R. 192-193). An audiogram taken on October 16, 2002, is normal. (R. 230).

Plaintiff's allegations of anxiety were also addressed by the VA, although he frequently elected not to engage in suggested courses of treatment or vocational rehabilitation, and several times reported no mental problems. (R. 316, 318, 414, 415, 417-418).

**No. 1:02CV125-SPM/AK**

One psychiatric note shows generalized anxiety with no physical symptoms of anxiety, no history of depression, and it was suggested that he try medication, psychotherapy or no treatment, and Plaintiff opted for psychotherapy (R. 255, 259).

Another psychiatric note stated that "[p]sychologically, he appears to be suitable to return to work.  Pt's challenges are a lack of housing and finances, and a broken ankle that may prohibit him for certain types of employment; however his physical ability to work will have to be assessed by a physician."  (R. 318).  Yet, another psychiatric assessment shows no mood affect, with no diagnosis or treatment suggested.  (R. 369).  Other records show that Plaintiff achieved good results with Celexa for his mental problems.  (R. 399).

Dr. David Eckel with Emergency Medical Center did a comprehensive examination in October 2002 and addressed a long list of Plaintiff's stated problems, but the list did not include any mental issues.  (R. 229-237).  He found him not to be a candidate for manual labor, but able to do some type of office work without difficulty. (R. 234).

Two physical RFC's are in file.  One, by a non-treating physician and without treating physician records in file, finds Plaintiff capable of performing light work with some restriction on climbing and using scaffolds because of his ankle, but otherwise without restriction.  (R. 221-228).

**No. 1:02CV125-SPM/AK**

Another RFC based on treating physician records concluded that Plaintiff could perform light work with some limitation in his lower extremities because of his right ankle, and that he should never climb ladders or scaffolds. (R. 238-245).

F. **SUMMARY OF THE ADMINISTRATIVE HEARING**

A hearing was held on March 12, 2004, and Plaintiff appeared with counsel, James Roughton. (R. 419). Plaintiff testified that he graduated from high school and underwent two years of technical school training receiving a certificate in air conditioning and refrigeration. (R. 422). He also has over 30 years of aircraft experience doing inspection and assembly work. (R. 422). He claims that pain and swelling from his right ankle, hearing problems, and his back going out primarily keep him from working. (R. 430, 435). The only medication he takes for pain is a generalized arthritis medication and aspirin. (R. 436). When asked about the anxiety medication he was taking, he admitted to some reluctance in taking it initially, but believed it helped with what he describes as frustration and excitement. (R. 431). He also indicated that his anxiety caused him to be asked to leave where he was living because he became loud and angry. (R. 432).

G. **DISCUSSION**

An impairment is severe only if it significantly limits an individual's ability to perform basic work activities. 20 CFR §404.1520(c); 416.920(c). An impairment is not severe "if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, regardless of

**No. 1:02CV125-SPM/AK**

age, education or work experience." Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987). Further, when a condition can be treated successfully with medication it is not disabling. Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988).

The medical records do not establish a severe mental condition within the meaning set forth above. Plaintiff was inconsistent in his reports about having a mental condition and was not active in seeking treatment for it having only attended four therapy sessions. Plaintiff describes the effects of his anxiety as frustration, anger and excitement and cites his anxiety as perhaps the cause of him being evicted from some unspecified living arrangement. However, none of the psychiatrists treating him for his anxiety at VA noted any limitations from this condition, and in fact one notation clearly indicates that his psychological problems were not a hindrance to work. Further, Plaintiff himself reports relief with medication. Given the state of the record, the ALJ could properly conclude that Plaintiff's anxiety did not significantly affect his ability to work and was therefore not a nonexertional limitation. Having found that Plaintiff could perform a range of light work, which fell within the exertional level of his past relevant work, no vocational expert was necessary. See 20 CFR § 404.1520(a)(4); 20 CFR § 404.1560(b). Thus, Plaintiff's grounds for remand are not well taken.

**No. 1:02CV125-SPM/AK**

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **27th** day of October, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:02CV125-SPM/AK**